CONTINENTAL ELECTRIC COMPANY, an Alabama Corporation, Plaintiff-Appellee,

v.

Jerome KURTZ, Dwight T. Baptist, C. Alan Freeland, John G. Dorsey, Defendants-Appellants.

Gaddis G. HALL, an Individual, Plaintiff-Appellee,

v.

Jerome KURTZ, Dwight T. Baptist, C. Alan Freeland, John G. Dorsey, Defendants-Appellants.

No. 79–2799.

United States Court of Appeals, Fifth Circuit.

June 4, 1980.

J. R. Brooks, U. S. Atty., Caryl P. Privett, Asst. U. S. Atty., Birmingham, Ala., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Section, Robert E. Lindsay, Wynette J. Hewett, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellants.

Winston B. McCall, Jr., Birmingham, Ala., for plaintiffs-appellees.

Before HATCHETT and TATE, Circuit Judges, and GROOMS *, District Judge.

* District Judge of the Northern District of Alabama, sitting by designation.

HATCHETT, Circuit Judge:

The Internal Revenue Service seeks relief from a preliminary injunction entered by the district court, which found that 26 C.F.R. § 601.107(b)(2) imposes a mandatory duty upon the Internal Revenue Service to disclose requested information at a criminal investigation conference. The district court exercised jurisdiction under 28 U.S.C. § 1331. In accordance with *Einhorn v. DeWitt,* 618 F.2d 347 (5th Cir. 1980), we find no mandatory duty imposed by the regulation or basis for jurisdiction. Accordingly, we reverse and remand for dismissal.

REVERSED AND REMANDED.